UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD ROACH,

                Petitioner,

v.

ATTORNEY GENERAL,

                Respondent.

Case No. 3:23-cv-05528-LK-TLF

REPORT AND RECOMMENDATION

Noting Date: AUGUST 25, 2023

Petitioner, John Edward Roach, proceeding *pro se*, filed a "writ of actual innocence" using a form that appears to come from the Court of Appeals of Virginia. Dkt. 1. The clerk's office interpreted the filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and the Court agrees that interpretation is appropriate. "Any challenge by Petitioner to his underlying convictions must be brought under 28 U.S.C. § 2254, and only after he has fully exhausted his claims in the state courts. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (Section 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of his detention when the prisoner is in custody pursuant to a state court judgment.); 28 U.S.C. § 2254(b)-(c).

However, it appears that petitioner may not be in custody and therefore this Court lacks subject matter jurisdiction over his claim. Additionally, this is petitioner's fifth habeas petition, and therefore it is subject to dismissal as a "second or successive" petition. See *Roach v. Vail* 09-51555-RBL; *Roach v. State of Washington* 18-5305-RJB;

REPORT AND RECOMMENDATION - 1

*Roach v. Attorney General* 22-5226-RJB; *Roach v. Attorney General* 23-5446-BHS-GJL. Accordingly, the Court recommends dismissal of the petition without leave to amend.  If petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

## DISCUSSION

**A. No Subject Matter Jurisdiction**

A habeas corpus petitioner must be in custody at the time the petition is filed in order to challenge the basis of his detention. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The purpose of the custody requirement is to preserve the writ of habeas corpus as "a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). The Supreme Court of the United States has held that the petitioner *must be in custody under the conviction or sentence under attack in his petition*. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968)) (emphasis added). If the petitioner is no longer in custody under the conviction or sentence under attack, the district court lacks subject matter jurisdiction to entertain the habeas petition. *See Maleng*, 490 U.S. at 490; see also *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998) (holding that the custody requirement is jurisdictional).

Petitioner does not indicate that he is currently incarcerated or otherwise restrained pursuant to parole or community custody in his petition but rather indicates on a portion of the form that asks for a 'Description of Felony Offense' that "[a]ssault of a child does not require that petitioner be in custody of state the accused has a

constitution right to discovery impeachment evidence." Dkt. 1 at 1. Additionally, although petitioner does not use the required form, he lists a residential address in Puyallup, Washington as his address, and does not indicate a place of incarceration. See *Id*. Therefore, it does not appear that he is currently in custody for the purposes of § 2254, and his petition is subject to dismissal for lack of subject matter jurisdiction.

### B. Successive Petition

Petitioner submitted his first federal habeas petition challenging his 2006 Pierce County Superior Court judgment and sentence to the Court for filing on March 24, 2009. See *Roach v. Vail* 09-51555-RBL. Dkts. 1, 7. The court dismissed that petition with prejudice and without a certificate of appealability on June 4, 2010 upon concluding the petition was procedurally barred. *Id*., at 29. The Ninth Circuit denied petitioner's request for a certificate of appealability. *Id*., Dkt. 35.

Plaintiff filed a second habeas petition on April 20, 2018, again challenging his 2006 conviction, asserting that he received ineffective assistance of trial and appellate counsel. See *Roach v. State of Washington* 18-5305-RJB. On May 18, 2018, the second petition was dismissed without prejudice as a second or successive petition and the certificate of appealability was denied. *Id*., Dkt. 6.

On April 14, 2022, petitioner filed a third petition again asserting ineffective assistance of trial and appellate counsel, and additionally alleging prosecutorial misconduct and violations of his Fourteenth Amendment rights. See *Roach v. Attorney General* 22-5226-RJB. On April 21, 2022, the court transferred the petition to the Ninth Circuit Court of appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

On May 16, 2023, petitioner filed a fourth petition again challenging ineffective assistance of trial and appellate counsel, prosecutorial misconduct and abuse of discretion. See *Roach v. Attorney General* 23-5446-BHS-GJL. On June 7, 2023, the court issued an order to show cause directing petitioner to show cause by July 7, 2023, as to whether he was "in custody" within the meaning of § 2254. *Id*., Dkt. 3. Petitioner did not respond to the order.

Petitioner filed the current petition on June 12, 2023, alleging that impeachment and discovery evidence were wrongfully suppressed in his underlying criminal proceedings. Dkt. 1 at 3-4.

Before filing another challenge, petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals; petitioner did not do this. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); see *Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). However, Ninth Circuit Rule 22-3(a) provides, in relevant part, that:

> An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. …. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Circuit Advisory Committee Note to the rule makes clear that,

> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and

NOTING DATE: AUGUST 25, 2023 - 4

> facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court *may* transfer the filing to the court of appeals in the interests of justice or, in the alternative, *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 (emphasis added).

Here, petitioner does not allege a claim based on a new rule of constitutional law or *newly discovered* evidence of actual innocence; the interests of justice do not weigh in favor of the Court transferring this petition to the Court of Appeals. Under Ninth Circuit Rule 22-3, the Court should dismiss the petition without prejudice, allowing petitioner to request authorization from the Court of Appeals to file a second or successive petition.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must "demonstrate[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, this Court concludes

petitioner should not be granted a certificate of appealability with respect to the instant petition.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court DISMISS the instant petition (Dkt. 1) WITHOUT PREJUDICE as a "second or successive petition." There is nothing in the record to indicate that petitioner sought or received authorization from the Ninth Circuit Court Appeals directing this Court to consider the fifth petition and it appears that petitioner is not currently in custody for purposes of § 2254. The undersigned further recommends the Court should DENY a certificate of appealability.

If petitioner wishes to file a second or successive petition in this Court, he is required to apply for and obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. The application must comply with Ninth Circuit Rule 22-3. To assist petitioner, the Court recommends the Clerk be directed to send petitioner a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 –Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time

NOTING DATE: AUGUST 25, 2023 - 6

limitation, this matter shall be set for consideration on **August 25, 2023**, as noted in the caption.

Dated this 8th day of August, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge