UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD ROACH,<br><br>                Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL,<br><br>                Respondent. | CASE NO. 3:23-cv-05528-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke, Dkt. No. 3, and pro se Petitioner John Roach's objections, Dkt. Nos. 4–6. As set forth below, the Court adopts Judge Fricke's R&R and dismisses Mr. Roach's petition.

**I.    BACKGROUND**

Mr. Roach appears to allege that evidence was wrongfully withheld in his state court criminal proceedings nearly 20 years ago. *See generally* Dkt. Nos. 1, 4, 5; *see* Dkt. No. 1 at 2, 7–13 (describing proceedings from the fall of 2005); Dkt. No. 5 at 1 (same). He filed a "Petition For A Writ Of Actual Innocence Based On Nonbiological Evidence." Dkt. No. 1 at 1, 6. Because he

challenges an underlying state court conviction, Judge Fricke construed his filing as a habeas petition under 28 U.S.C. § 2254. Dkt. No. 3 at 1 (citing *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), *overruled in turn by Swarthout v. Cooke*, 562 U.S. 216 (2011) (per curiam)). As such, Judge Fricke identified two fatal issues with Mr. Roach's claims.

First, the Court does not have subject matter jurisdiction over Mr. Roach's petition because he does not contend or otherwise indicate that he is in custody pursuant to the complained-of state court judgment. *Id.* at 2–3 (citing, *inter alia*, *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam)); *see* Dkt. No. 1 at 1 (providing an address that is not one of a correctional facility and arguing that a petitioner need not be "be in custody of [the] state" in order to vindicate his "constitution[al] right to discovery [of] impeachment evidence"). And second, because this is not Mr. Roach's first habeas petition, he was required to apply for and receive authorization from the Ninth Circuit Court of Appeals before filing a second or successive challenge. Dkt. No. 3 at 3–5 (citing 28 U.S.C. § 2244(b)(3)(A) and Ninth Circuit Rule 22-3(a)). Indeed, as the R&R points out, Mr. Roach has filed habeas petitions in this district challenging the same underlying state court proceedings in 2009, 2018, 2022, and now twice this year. *See Roach v. Vail*, No. 3:09-cv-05155-RBL, Dkt. No. 1 (W.D. Wash. Mar. 24, 2009); *Roach v. State of Washington*, No. 3:18-cv-05305-RJB, Dkt. No. 1 (W.D. Wash. Apr. 20, 2018); *Roach v. Attorney General*, No. 3:22-cv-05226-RJB, Dkt. No. 1 (W.D. Wash. Apr. 7, 2022); *Roach v. Attorney General*, No. 3:23-cv-05446-BHS, Dkt. No. 1 (W.D. Wash. May 16, 2023).

In Mr. Roach's filings in response to the R&R, he asserts that "a second application seeking a constitutional writ may be made if the first app[l]ication and adverse ruling on the application are disclosed to the second judge," and that "the judge was constitutionally wrong for dismissing the last 2254 appeal[.]" *See* Dkt. No. 4 at 2 (capitalization altered). He otherwise largely rehashes

the arguments set forth in his petition and cites to several criminal statutes, including 18 U.S.C. § 241. *See generally* Dkt. Nos. 4–6.[1]

## II. DISCUSSION

### A. Standards for Reviewing a Report and Recommendation

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis original)).

### B. The Court Adopts the R&R and Dismisses Mr. Roach's Petition

The Court agrees with Judge Fricke that it lacks subject matter over Mr. Roach's habeas petition because Mr. Roach does not claim that he is "in custody." *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore it is the first question we must consider." (cleaned up)). Notably, more than 13 years ago,

---

[1] In his most recent filing, Mr. Roach asserts that "this federal judge never[] addressed these federal[] law facts" and that he "want[s] her arrested for br[ea]king federal law or conspire [sic] 18 USC 241[.]" Dkt. No. 6 at 2; *see also* Dkt. No. 5 at 1–2 (citing the same federal criminal civil rights statute). However, any objections or claims pursuant to federal criminal law fail as a matter of law because "[t]hese criminal provisions . . . provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

1   the Honorable Ronald B. Leighton expressly found that Mr. Roach was "no longer in custody"
2   when denying Mr. Roach's habeas petition as procedurally barred. *Roach v. Vail*, No. 3:09-cv-
3   05155-RBL, Dkt. No. 29 at 2 (W.D. Wash. June 4, 2010).[2]

4       Moreover, because at least one of Mr. Roach's previous petitions was denied on the merits,
5   this petition qualifies as successive, and the Court is without jurisdiction to consider it because he
6   has not obtained authorization from the Ninth Circuit to proceed. *See Cooper v. Calderon*, 274
7   F.3d 1270, 1273–74 (9th Cir. 2001) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir.
8   2009) (noting that a habeas petition "is second or successive only if it raises claims that were or
9   could have been adjudicated on the merits," and a disposition is "on the merits" if the court "either
10  considers and rejects the claims or determines that the underlying claim will not be considered by
11  a federal court."). Furthermore, as Judge Fricke observed, Mr. Roach does not advance any claim
12  based on a new rule of constitutional law or newly discovered evidence of actual innocence. Dkt.
13  No. 3 at 5.

14      Ninth Circuit Rule 22-3(a) states that "[i]f an unauthorized second or successive section
15  2254 petition . . . is submitted to the district court, the district court may, in the interests of justice,
16  refer it to the court of appeals." However, the Circuit Advisory Committee Note for the rule also
17  states that the court may, in the alternative, "dismiss the filing without prejudice to the applicant
18  seeking authorization from the court of appeals on Ninth Circuit Form 12." Mr. Roach has not
19  specifically objected to Judge Fricke's recommendation that the Court follow the latter route.
20  Accordingly, this action is dismissed.

---

[2] To the extent Mr. Roach sought to raise these claims as a civil rights action pursuant to Section 1983, they would be time-barred because the events he complains of took place in 2005 and 2006. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three-year limitations period for Section 1983 claims brought in Washington); *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." (cleaned up)).

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

Finally, the Court agrees with Judge Fricke that reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Dkt. No. 3 at 5. Accordingly, a certificate of appealability is not warranted.

### III.  CONCLUSION

For the foregoing reasons, the Court finds and ORDERS:

(1) The Court overrules Mr. Roach's objections and ADOPTS the Report and Recommendation, Dkt. No. 3, and DISMISSES Mr. Roach's petition without prejudice to him seeking authorization from the court of appeals to file a successive habeas petition, Dkt. No. 1.

(2) Mr. Roach is not entitled to a certificate of appealability; and

(3) The Clerk is directed to send this Order to Judge Fricke and to Mr. Roach; and to send Mr. Roach a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12–Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 11th day of September, 2023.

Lauren King
United States District Judge