UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD ROACH,<br><br>Petitioner,<br>v.<br><br>ATTORNEY GENERAL,<br><br>Respondent. | CASE NO. 3:23-cv-05528-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on pro se Petitioner John Roach's timely Motion for Reconsideration. Dkt. No. 9. For the reasons discussed below, the Court denies Mr. Roach's motion.

On September 11, 2023, the Court adopted the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke and dismissed Mr. Roach's petition without prejudice to him seeking authorization from the court of appeals to file a successive habeas petition. Dkt. No. 7 at 5. The Court specifically adopted Judge Fricke's recommendation that it lacks subject matter jurisdiction over Mr. Roach's habeas petition because Mr. Roach does not claim that he is

"in custody," and because at least one of Mr. Roach's previous petitions was denied on the merits. *Id.* at 3–4.

Mr. Roach now moves for reconsideration because he claims the Court's Order "was based on an erroneou[]s interpretation of law, due process law, conspire was in that writ [sic] and [the] 14th Amendment of [the] Constitution of [the] United State[s] allow[s] this in federal court on color of law and conspire [sic] 18 USC 241." Dkt. No. 9 at 1; *see id.* at 2 ("This writ should have been ruled on it's not a s[u]ccessive[.]"). Mr. Roach once again raises his overarching claim that evidence was mishandled in his state court criminal proceedings from nearly 20 years ago. *Id.* at 3–10; *see also* Dkt. Nos. 1, 4–5.

Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (cleaned up)); *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration are not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Failure to do so "may be grounds for denial of the motion." *Id.*

Here, Mr. Roach does not provide any new law or facts that might justify reconsideration of the Court's prior order. Nor does he specifically dispute the Court's jurisdictional holdings, i.e.,

*why* the Court's prior order was "based on an erroneous interpretation of law." Dkt. No. 9 at 1. Instead, he raises essentially the same arguments that both Judge Fricke and the undersigned recently addressed, and summarily asserts that federal criminal law somehow saves his claims. Without more, the Court finds no basis for reconsideration.

Accordingly, Mr. Roach's motion is hereby denied. *See Person v. Washington*, No. 3:22-CV-05863-DGE-SKV, 2023 WL 3480891, at *1–2 (W.D. Wash. Apr. 10, 2023) (denying motion for reconsideration where the petitioner "raise[d] largely the same arguments already asserted").

Dated this 15th day of September, 2023.

Lauren King
United States District Judge